AMELIA R. SNOOK

v.

MARY E. SNOOK.

The widow and son of an intestate inherited from him two farms, S. and W, and the widow's dower was never assigned in either.   The son married and died testate, leaving his mother and his wife surviving, but no lawful issue. He devised the S. farm to his mother, in fee, and the W. farm to his mother and his wife for life, and the fee to the survivor of them.   They accepted the devises.—Held, that the mother thereby lost her dower in the W. farm and the wife hers in the S. farm.

On bill for partition.

Mr. L. Van Blarcom, for complainant.

Mr. C. D. Thompson, for defendant.

50 Mich. 324; Doupe v. Gennin, 1 Sweeny 25, 45 N. Y. 119; Kastor v. New-house, 4 E. D. Smith 20; Nichols v. Marsland, 14 Moak 545, note; Krueger v. Ferrant, 29 Minn. 385; Deutsch v. Abeles, 15 Mo. App. 398; Stapenhorst v. Am. Manf. Co., 15 Abb. Pr. (N. S.) 355; Opdyke v. Prouty, 6 Hun 242; Schwab v. Cleveland, 28 Hun 458.

As to the pleadings and issues and evidence in such cases, see Norton v. Scholefield, 9 M. & W. 665; Russell v. Shenton, 2 G. & D. 573; Cawkwell v. Russell, 26 L. J., Exch. 34; McCallum v. Hutchinson, 7 U. C. C. P. 508; Wood-ward v. Aborn, 35 Me. 271; Griffith v. Lewis, 17 Mo. App. 605; Moore v. Goedel, 7 Bosw. 591, 34 N. Y. 527; Jutte v. Hughes, 67 N. Y. 267; Stapenhorst v. American Manf. Co., 46 How. Pr. 510; Warren v. Kauffman, 2 Phila. 259.

When the erection of a privy may be enjoined as a nuisance, De Give v. Seltzer, 64 Ga. 423 ; Wahle v. Reinbach, 76 Ill. 322 ; Rank v. Wilber, 19 Ill. App. 395 ; or its restoration ordered if illegally removed, Morrison v. Mar-quandt, 24 Iowa 35, 67 ; see Anonymous, 2 Ves. Sr. 193.   See, further, 1 Thomp. on Neg. 1-108 ; 6 Am. Law Rev. 614; 29 Alb. L. J. 65.—REP.

Snook. *v* Snook.

BIRD, V. C.

This bill is filed for the partition of a tract of land in Warren ·county. The complainant claims that she is entitled to dower in the whole, and besides her dower to the equal undivided half of the residue.

It appears by the bill and proofs that John Snook departed this life in 1874, intestate, leaving his widow and Oscar Snook, his son and only heir-at-law, him surviving; that for all practical purposes the son took the entire charge and management of the estate of his father, which estate consisted of two farms—the ·one in question, and also one in Sussex county, his mother, the widow, living with him; that such charge and management continued until 1878, when Oscar married the present defendant; that after such marriage no change in the control of the said lands was made during the lifetime of Oscar, and that Oscar died in April, 1880, having made his will and appointed his mother and wife executrixes thereof. In his will he says:

"I give, devise and bequeath to my mother all my real estate situate in the * * * county of Sussex, * * * containing one hundred and three and a half acres, more or less, * * * and also a wood lot containing ten acres, more or less, * * * to have and to hold to her, the said Amelia R. Snook, ·her heirs and assigns forever."

In the next paragraph he gives to her all his bonds, mortgages .and promissory notes, a horse and carriage, two heifers, a threshing machine, all his household goods, and charges her and "the land therein devised to her" with the payment of his debts and ·the expenses of settling his estate. In the next paragraph he says:

"I give and devise to my mother, Amelia R. Snook, and to my wife, Mary E. Snook, all my farm and real estate situate in the * * * county of Warren, ·* * * containing one hundred and sixty-eight and a half acres, * * * to them during their joint lives, and to the survivor, the heirs and assigns of such survivor, forever."

He then gives to his wife nine cows, a black horse, a set of double harness and a watch and chain, and all the residue to his .mother and wife, share and share alike.

The defendant insists that the right of dower which the complainant had in the land named in the bill (being the tract given to the complainant and defendant) was extinguished when she accepted the devise to her of the one-half of the whole for life, and of the fee of the whole in case she should survive the defendant. The defendant refers to the case of *Wade* v. *Miller, 3 Vr. 296,* for a clear and elaborate exposition of the doctrine of extinguishment, and feels assured that the law as there laid down must govern this case and prevent the claim for dower. In that case the wife of the mortgagor accepted a deed for the equity of redemption. After the death of the husband and before dower had been assigned the mortgage was foreclosed. An action was instituted to recover dower. The chief-justice concluded that taking title in the fee was an extinguishment of the plaintiff's right of action.

If the case just cited is analogous, it controls the one before me and must be my guide. There is nothing more desirable than harmony and uniformity in the law. General principles are of the greatest value. In *Wade* v. *Miller* the wife took title to the fee by deed ; in the case in hand the widow took title by devise, but both took by purchase, not by the act of the law. The only difference between the cases is that in the former the demandant took title before the death of the husband, and from him through a third person, while in this she took title after the death of the husband and from the heir-at-law.

However, it is urged that the cases are very dissimilar and that I am not at all bound by the case referred to, since another general principle, equally beneficial, as highly favored and universally acknowledged intervenes. I am referred to the case of *Leonard* v. *Steele, 4 Barb. 20,* in which it is declared that where a testator owns the entire estate in lands, subject to a right of dower, and devises a part of such estate to the person having such right of dower and the residue to another, but without declaring his intention to dispose of the whole estate, including the right of dower, or that the dowress should relinquish either such dower or her devise, and that no such intention is deducible by clear and manifest implication, the presumption is that the testa-

tor only intended to devise his own interest in the premises subject to the right of dower therein. The doctrine of election was invoked as against the claim of dower, that of merger or extinguishment was not presented. The case most clearly sustains the complainant's view of this case that a widow, under such circumstances, is entitled, not only to the devise, but also to dower. But in that case the court does not fail to admit that in case the testator evinces a clear intention to dispose of the whole estate, including the interests of third persons, then the devisee, accepting the devise, cannot claim under another title.

The rule thus admitted, as an exception, I think must control the case I am called upon to decide. In the first place, all the circumstances of the case indicate to my mind that it was the intention of Oscar Snook to dispose of all the estate by his will, in all the real estate named therein. I need not pause to enumerate the various circumstances referred to, because, in the second place, the testator did attempt to dispose of property or rights which did not belong to him. For example, he gave to his mother all the farm in Sussex county and all the ten-acre wood lot, which included his wife's right of dower. This right of dower he could not thus dispose of, yet none can read the clause making the disposition without saying he so intended. Again, he gave one-half of all the farm in Warren (the one in which the complainant now claims dower) to his mother for life, and in case she survives the testator's widow, the whole in fee, thus, to the extent of one-half at least, disposing of the right of dower which the law gives to his widow. The complainant claims the full benefit of these gifts, and the defendant has accepted the provisions made for her by her husband. It is too late for the defendant to reject these provisions and demand dower in the lands in Sussex county, and I feel obliged to conclude that the complainant was put to her election and, having accepted the devises made to her, she is bound thereby and cannot now also claim dower. Therefore, supposing that *Wade* v. *Miller* was not intended to embrace a case like the present one, I reach the same end that I would were I to follow that case, by following the just reasoning of the one upon which the complainant depends.

The defendant urges a sale. Under the evidence and the law I must advise a partition.